Argued and submitted May 15, 1992, affirmed February 3, 1993

In the Matter of the Compensation of
Kenneth V. Hambrick, Claimant.

Kenneth V. HAMBRICK,
*Petitioner,*

*v.*

WEYERHAEUSER CO.,
*Respondent.*

(89-10273; CA A70739)

846 P2d 426

Edward J. Harri, Salem, argued the cause for petitioner. With him on the brief was Malagon, Moore & Johnson, Eugene.

Brian Pocock, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of a Workers' Compensation Board order that awarded him 17 percent permanent partial disability (PPD) for the loss of use or function of his left forearm. He contends that the award should have been based on an injury to his arm, not his forearm. We affirm.

Claimant sustained a work-related tear of the left biceps muscle, which required a surgical reattachment of the tendon to the radius below the elbow. The Board awarded him 17 percent PPD for his forearm.

Claimant argues that the Board misconstrued ORS 656.214(2), because it restricted its disability rating to the site of the injury and should have rated the permanent loss of use or function to his injured member, which he contends is his arm. He also argues that the Board misapplied its definitions of forearm and arm, because he has lost the use or function of his arm, not his forearm, because of disabling pain in his elbow.

ORS 656.214 provides, in part:

"(1)   As used in this section:

"(a)   'Loss' includes permanent and complete or partial loss of use.

"(b)   'Permanent partial disability' means the loss of either one arm, one hand, one leg, one foot, loss of hearing in one or both ears, loss of one eye, one or more fingers, or any other injury known in surgery to be permanent partial disability.

"(2)   When permanent partial disability results from an injury, *the criteria for the rating of disability shall be the permanent loss of use or function of the injured member due to the industrial injury.* The worker shall receive $305 for each degree stated against such disability in subsections (2) to (4) of this section as follows:

"(a)   For the loss of one *arm at or above the elbow joint*, 192 degrees, or a proportion thereof for losses less than a complete loss.

"(b)   For the loss of one *forearm at or above the wrist joint*, or the loss of one hand, 150 degrees, or a proportion thereof for losses less than a complete loss." (Emphasis supplied.)

The forearm is defined as the area from or above the wrist joint to the elbow joint, and the arm is the area from or above the elbow joint. OAR 436-35-020(1), (2).[1]

The Board did not misconstrue ORS 656.214(2) or misapply the definitions. The statute requires the Board to determine the "member," *i.e.*, the body part or organ, that has been disabled by the injury. Relying on the testimony of the treating physician, it found that the disability originated at the point of the surgical repair below the elbow. The reattachment resulted in pain around the repair, scar tissue and weakness. He has suffered atrophy to the forearm. The surgery did not restrict claimant's ability to flex and supinate his elbow, and he lost no range of motion.

Substantial evidence supports the Board finding that the disabled body part is the forearm. The Board correctly applied the rule to determine that that was the "injured member," ORS 656.214(2), and assessed the loss of use or function to that member. The disability rating was based on correct criteria.

Affirmed.

---

[1] OAR 436-35-020(1), (2) has since been amended in a way that does not affect this case.